Certificate of the Publisher

## Northwest Herald

Description: FRATERNITE

KIMBERLY SCHARLOW



MCHENRY COUNTY DEPARTMENT OF PLANNING & DEV
2200 N SEMINARY AVE
WOODSTOCK IL 60098

Shaw Media certifies that it is the publisher of the Northwest Herald. The Northwest Herald is a secular newspaper, has been continuously published daily for more than fifty (50) weeks prior to the first publication of the attached notice, is published in the City of Crystal Lake, County of McHenry, State of Illinois, is of general circulation throughout that county and surrounding area, and is a newspaper as defined by 715 ILCS 5/5.

A notice, a true copy of which is attached, was published 1 time(s) in the Northwest Herald, namely one time per week for one successive week(s). Publication of the notice was made in the newspaper, dated and published on
09/20/2019

This notice was also placed on a statewide public notice website as required by 5 ILCS 5/2.1.
In witness, Shaw Media has signed this certificate by John Rung, its publisher, at Crystal Lake, Illinois, on
20th day of September, A.D. 2019

Shaw Media By:

John Rung, Publisher

Account Number 102240      Amount $970.80

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

FRATERNITE NOTRE DAME, INC., )
Plantiff, )
v. ) Case No. 15 CV 50312
County of McHenry )
a body politic and corporate, ) Magistrate Judge Johnston
Defendant. )

## NOTICE OF PUBLIC HEARING

Notice is hereby given that a public hearing is set for October 21, 2019 at 10:30 a.m. in Courtroom 5200 at the Stanley J. Roszkowski Federal Courthouse located at 327 South Church Street, Rockford, Illinois 61101. At this time, the Court will hear public comments concerning the Proposed Consent Decree attached to this notice regarding the property located at 10002 Harmony Hill Road, Marengo, IL 60152.

## HEARING PROCEDURE AND WRITTEN COMMENTS

Any person wishing to be heard by the Court may present public comment on the Proposed Consent Decree on **October 21, 2019 at 10:30 a.m.** in Courtroom 5200 at the Stanley J. Roszkowski Federal Courthouse located at 327 South Church Street, Rockford, Illinois 61101. Comments shall be limited to five minutes per person.

Written comments on the Proposed Consent Decree must be received by the Court no later than **October 11, 2019 at 5:00 p.m.** Written comments must reference Case No. 15 CV 50312, and be mailed to the Clerk's Office for filing, at the following address:

USDC Clerk's Office
2nd Floor
327 South Church Street
Rockford, IL 61101

A copy of the Proposed Consent Decree is attached hereto.

## AFFECTED PROPERTY

FRATERNITE OF NOTRE DAME, INC. is the owner of record of Parcel 1 and Tract 1 of Parcel 2 described below. Parcel 1 of Premises has a single-family residence, two garages, a church, bakery and barn and Parcel 2 of Premises has a single-family residence on it. The legal description for the affected property is as follows:

PARCEL 1
TRACT 1
THE SOUTH HALF OF THE SOUTHEAST QUARTER OF SECTION 20, TOWNSHIP 43 NORTH, RANGE 6 EAST OF THE THIRD PRINCIPAL MERIDIAN (EXCEPTING THE SOUTH 600 FEET AND ALSO EXCEPT THE WEST 940 FEET THEREOF), IN MCHENRY COUNTY, ILLINOIS.
PIN: 17-20-400-004
TRACT 2
THE NORTH 120 FEET OF THE EAST 155 FEET OF THAT PART OF THE SOUTHEAST QUARTER OF SECTION 20, TOWNSHIP 43 NORTH, RANGE 6 EAST OF THE THIRD PRJNCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHWEST CORNER OF SAID SOUTHEAST QUARTER AND RUNNING THENCE NORTH ALONG THE WEST LINE THEREOF, FOR A DISTANCE OF 600.0 FEET TO A POINT FOR THE PLACE OF BEGINNING; THENCE CONTINUING NORTH ALONG SAID WEST LINE, FOR A DISTANCE OF 499.50 FEET TO A POINT; THENCE EAST AT RIGHT ANGLES TO THE LAST DESCRIBED LINE, AT LAST DESCRIBED POINT, FOR A DISTANCE OF 940.00 FEET TO A POINT; THENCE SOUTH PARALLEL WITH THE WEST LINE THEREOF, FOR A DISTANCE OF 510.00 FEET TO A POINT ON THE NORTH LINE OF THE SOUTH 600.00 FEET OF SAID SOUTHEAST QUARTER; THENCE WEST, 940.00 FEET TO THE PLACE OF BEGINNING, IN MCHENRY COUNTY, ILLINOIS.
PIN: I7-20-400-004
TRACT 3
THE SOUTH 600 FEET OF THE SOUTHEAST QUARTER OF SECTION 20, TOWNSHIP 43 NORTH, RANGE 6 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN MCHENRY COUNTY, ILLINOIS
PIN: 17-20-400-005
PARCEL 2
TRACT 1
PART OF THE NORTHEAST QUARTER OF SECTION 29, TOWNSHIP 43 NORTH, RANGE 6 EAST OF THE THIRD PRINCIPAL MERIDIAN BEING DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF THE SAID NORTHEAST QUARTER; THENCE SOUTH 00 DEGREES 09 MINUTES 34 SECONDS EAST ALONG THE WEST LINE OF SAID NORTHEAST QUARTER, 495.95 FEET; THENCE SOUTH 89 DEGREES 32 MINUTES 48 SECONDS EAST PARALLEL TO THE NORTH LINE OF SAID NORTHEAST QUARTER, 2635.56 FEET TO THE EAST LINE THEREOF; THENCE NORTH 00 DEGREES 16 MINUTES 13 SECONDS WEST ALONG SAID EAST LINE, 495.96 FEET TO THE NORTHEAST CORNER THEREOF; THENCE NORTH 89 DEGREES 32 MINUTES 48 SECONDS WEST ALONG THE NORTH LINE THEREOF, 2634.60 FEET TO THE PLACE OF BEGINNING, IN MCHENRY COUNTY, ILLINOIS.
PIN: I7-29-200-006 and 17-29-200-008

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

FRATERNITÉ NOTRE DAME, INC., )
Plantiff, ) Case No. 15 CV 50312
v. )
County of McHenry ) Judge Reinhard
a body politic and corporate, ) Magistrate Judge Johnston
Defendant. )

## PROPOSED CONSENT DECREE

WHEREAS, the plaintiff Fraternité Notre Dame, Inc. ("Plaintiff" or "Fraternité") is a Catholic religious order which was founded in 1971, and takes the Most Blessed Virgin Mary as its Model and Protectress, and it is an essential part of the Fraternité Notre Dame's faith and mission to help persons who are suffering in their heart or in their body and are in need, and Fraternité Notre Dame does so without any distinction of race, class, gender or creed, as the Christ has requested in His Gospel and as the religious orders have always done along the centuries;

WHEREAS, Plaintiff is the owner of record of approximately 95 acres of real property in McHenry County, Illinois, having a common address of 10002 Harmony Hill Road, Marengo, Illinois (the "Property");

WHEREAS, in 2005, Plaintiff was granted a conditional use permit to construct on the Property a place of worship, including a monastery, a church, a seminary, convent, retreat center, a bakery, a printing press, and a cemetery;

WHEREAS, in 2014, Plaintiff applied for an amendment to the 2005 conditional use permit to add approximately 30 acres of property, to allow for the building of a barn-like structure for winemaking, beer brewing, and a commercial kitchen, and to allow for the building and operation of a boarding school, a nursing home with hospice services, and a gift shop ("Petition");

WHEREAS, Plaintiff subsequently amended the Petition to request height variations for the boarding school and nursing home;

WHEREAS, the McHenry County Zoning Board of Appeals voted in favor of the Petition;

WHEREAS, the McHenry County Board voted to deny the Petition;

WHEREAS, on December 16, 2015, Plaintiff commenced an action against the County of McHenry ("Defendant" or "McHenry County"), captioned Fraternité Notre Dame, Inc. v. County of McHenry, No. 15 CV 50312, in the United States District Court for the Northern District of Illinois, Western Division (the "Action");

WHEREAS, the Action alleges that the McHenry County Board's denial of Plaintiff's Petition violated Plaintiff's right to equal protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Illinois Constitution, violated the equal terms and substantial burden provisions of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and violated the Illinois Religious Freedom Restoration Act;

WHEREAS, the Parties have submitted a Stipulation setting forth the basis for finding that the McHenry County Board's denial of Plaintiff's Petition violated RLUIPA's substantial burden provision as alleged in Count IV of Plaintiff's Complaint;

NOW, THEREFORE, in resolution of this action, and with the agreement of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367(a).
2. The Parties have fully consented to the exercise of jurisdiction by Magistrate Judge Iain D. Johnston.
3. The Court finds that the McHenry County Board's denial of Plaintiff's Petition imposed a substantial burden on Plaintiff's religious exercise. (Stipulation at ¶¶ 10-14.)
4. The Court finds that the McHenry County Board's denial of Plaintiff's Petition was not the least restrictive means of furthering any compelling governmental interest. (Id., ¶¶ 15-16.)
5. The Court therefore finds that the McHenry County Board's denial of Plaintiff's Petition violated RLUIPA's substantial burden provision. 42 U.S.C. § 2000cc(a).
6. The Court finds that the remedy necessary to rectify the above violation of federal law is an order directing Defendant to grant the approvals requested in Plaintiff's Petition, subject to certain conditions which have been agreed to by the Parties. See Perkins v. City of Chicago Heights, 47 F.3d 212, 216 (7th Cir. 1995).

Accordingly, the Court ORDERS and the Parties AGREE as follows:

Canning, Brewery, and Winery Production Barn: Defendant is ordered to approve the construction of, and agrees that Plaintiff is approved to construct, a one-story building, stylized as a barn, for canning, and for the production of beer and wine, with a maximum of 15,000 square feet.

Plaintiff agrees that outgoing production traffic from the barn shall be limited to four vehicles, which shall be under Plaintiff's control. Vehicles used for outbound production shall be limited in size to a 26 foot box truck or smaller.

SM-CL1704146

...materials, and on-premise produced wine or beer. Tasting of any on-premise produced beer or wine may occur at the gift shop only after obtaining any requisite local and state liquor licenses for sale and service of alcoholic liquor.

Boarding School: Defendant is ordered to approve the construction of, and agrees that Plaintiff is approved to construct, a building to be used as a K-12 boarding school with a maximum enrollment of 80 students. The building shall be approved to be 3 stories, a maximum of 50 feet high, with a total footprint not to exceed 28,000 square feet.

Plaintiff agrees that there shall be a physical division of dorms for male and female students. Only students, school staff and Fraternité members or employees may stay overnight in the school and dormitory building. Plaintiff agrees that any school-age person, defined as 18 years of age or younger, living at the boarding school will be enrolled as a full-time student at the school.

Plaintiff agrees that neither it nor its agents will at any time seek or assist any student, parent, or guardian of any student attending Plaintiff's school from McHenry County or any public school district in McHenry County, Defendant acknowledges and agrees that Plaintiff will not interfere with the rights of any person to seek any public benefits to which he or she may be entitled.

Registration/Recognition: Plaintiff agrees to make a good-faith effort to seek "registration" status from the Illinois State Board of Education (ISBE) within one year of opening the boarding school. Plaintiff agrees to make a good-faith effort to seek "recognition" status from the ISBE after one school year of operation as a "registered" school, in the event that registration status is granted by the ISBE. Plaintiff agrees, in good faith, to take the ordinary and customary steps to maintain "recognition" status from the ISBE, in the event that recognition status is granted by the ISBE.

Nothing in this Consent Decree is contingent upon the ISBE granting registration or recognition status to the boarding school. In the event the ISBE denies registration status and/or recognition status, Plaintiff shall promptly notify Defendant of such denial. Plaintiff shall not be required to re-apply for registration or recognition in the event of such denial by the ISBE. Nothing in the preceding paragraph requires Plaintiff to take any action or to make any statement that would be in conflict with their religious beliefs or would otherwise infringe on their right to the free exercise of religion. Nothing in the preceding paragraph waives any right, privilege, or exemption to which Plaintiff may be entitled under the United States or Illinois Constitutions, or United States or Illinois law.

Conservation/Open Space/Constructed Buildings: Plaintiff agrees that sixty percent (60%) of the Property shall remain undeveloped open space to run with the land. No impermeable surface shall be considered open space. Notwithstanding the foregoing, the existing internal roads, driveways, and parking lots on the Property, as well as any additional internal roads, driveways, and parking lots shown on the Petition or materials submitted with the Petition, will be considered open space.

No time limit will apply to the conditional uses approved in this Consent Decree with respect to any buildings (i.e., barn, gift shop, and/or boarding school) actually constructed by Plaintiff pursuant to this Consent Decree.

Site Access: Plaintiff agrees that no new site access roads shall be constructed on the Property pursuant to this Consent Decree. The current paved access road shall remain the main access point to the Property including any production related traffic. For access to the boarding school, the unpaved gravel access point off Harmony Hill Road may be paved in place and improved in accordance with any applicable building, transportation, or life and safety regulations, but no further expansion shall be allowed.

Nothing in this Consent Decree is contingent upon the ISBE granting registration or recognition status to the boarding school. In the event the ISBE denies registration status and/or recognition status, Plaintiff shall promptly notify Defendant of such denial. Plaintiff shall not be required to re-apply for registration or recognition in the event of such denial by the ISBE. Nothing in the preceding paragraph requires Plaintiff to take any action or to make any statement that would be in conflict with their religious beliefs or would otherwise infringe on their right to the free exercise of religion. Nothing in the preceding paragraph waives any right, privilege, or exemption to which Plaintiff may be entitled under the United States or Illinois Constitutions, or United States or Illinois law.

Conservation/Open Space/Constructed Buildings: Plaintiff agrees that sixty percent (60%) of the Property shall remain undeveloped open space to run with the land. No impermeable surface shall be considered open space. Notwithstanding the foregoing, the existing internal roads, driveways, and parking lots on the Property, as well as any additional internal roads, driveways, and parking lots shown on the Petition or materials submitted with the Petition, will be considered open space.

No time limit will apply to the conditional uses approved in this Consent Decree with respect to any buildings (i.e., barn, gift shop, and/or boarding school) actually constructed by Plaintiff pursuant to this Consent Decree.

Site Access: Plaintiff agrees that no new site access roads shall be constructed on the Property pursuant to this Consent Decree. The current paved access road shall remain the main access point to the Property including any production related traffic. For access to the boarding school, the unpaved gravel access point off Harmony Hill Road may be paved in place and improved in accordance with any applicable building, transportation, or life and safety regulations, but no further expansion shall be allowed.

Compliance with Applicable Law: All structures, uses, and site development contemplated in this Consent Decree shall meet applicable commercial building codes, development standards, and any other applicable local, state, and federal regulations. Plaintiff shall obtain all required permits for the construction, occupancy, or use of structures, except for agriculturally exempt structures, and all required licenses for the uses contained herein. Plaintiff shall comply with the McHenry County Liquor Control Ordinance.

Site Plan Review: Plaintiff agrees to undergo the same site plan review as any other entity with an approved conditional use. Should a dispute arise which the parties are unable to resolve, the matter will be referred to the Court.

LEED Certification: Plaintiff agrees to make a good-faith effort to obtain gold level LEED certification on any buildings constructed pursuant to this Consent Decree.

Landscape Buffer: Plaintiff agrees to provide landscape screening along the southern Property line, starting 50 feet west of the westernmost building, and continuing to 50 feet east of the easternmost building, consisting of evergreens at least 4 feet tall or deciduous trees at least 1.5 inch caliper at the time of installation, with each tree no more than 35 linear feet between it and the next tree. Said screening shall comply with Section 17.3 Selection, Installation, and Maintenance of Plant Materials of the McHenry County Unified Development Ordinance. Landscape screening shall be installed prior to receiving a certificate of occupancy for the school.

Development Timeline: Plaintiff is not required to commence construction of the barn, gift shop, or boarding school within any specific time period. Provided, however, that once Plaintiff commences construction of any of the above structures, Plaintiff agrees to complete construction of that structure within 5 years. Commencement of construction shall be the date upon which a building permit is issued.

Parcel Consolidation: The Property described herein shall be consolidated into one new property identification number (PIN). Plaintiff agrees to take whatever administrative steps are necessary to achieve such consolidation. Defendant agrees that it does not object or know of any hindrances to such consolidation.

Nursing Home: Plaintiff agrees that it will not request permission to construct or operate a nursing home on the Property for a period of three years from the date of entry of this Consent Decree.

Release of Claims: Plaintiff agrees that, upon the dismissal of this action, it releases all claims arising out of the denial of its Petition and asserted in its Complaint, including but not limited to claims for attorney's fees and costs.

8. The Parties agree to waive any right to appeal the terms and provisions of this Consent Decree.
9. The Court shall retain jurisdiction over this action for the purpose of enforcing the terms and provisions of this Consent Decree.
10. The Parties agree to use their best efforts to resolve informally any differences regarding interpretation of or compliance with this Consent Decree prior to bringing such matters to the Court for resolution.
11. Upon entry of this Consent Decree, the Court shall enter an order DISMISSING this action with prejudice and without costs.
12. The Parties agree to defend this Consent Decree against any third-party legal challenges.

SO ORDERED.
ENTERED THIS _____ DAY OF _____, 2019.

Hon. Iain D. Johnston
United States Magistrate Judge Northern
District of Illinois