IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FRATERNITÉ NOTRE DAME, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 15 CV 50312 |
| COUNTY OF McHENRY, ) | |
| a body politic and corporate, ) | Magistrate Judge Johnston |
| ) | |
| Defendant. ) | |

## STIPULATION

Plaintiff Fraternité Notre Dame, Inc. ("Plaintiff") and Defendant County of McHenry ("Defendant") hereby stipulate to the following matters:

1.  Fraternité Notre Dame is a Catholic religious order which was founded in 1971 and it takes the Most Blessed Virgin Mary as its Model and Protectress.

2.  It is an essential part of the Fraternité Notre Dame's faith and mission to help persons who are suffering in their heart or in their body and are in need; Fraternité Notre Dame does so without any distinction of race, class, gender or creed, as the Christ has requested in His Gospel and as the religious orders have always done along the centuries.

3.  For members of the Fraternité Notre Dame, one's faith cannot be dissociated from works of charity and mercy. Members of the Fraternité Notre Dame are called by God to perform charitable works, which are just as much of a religious act as the act of prayer. *See* James 2:26 ("faith without deeds is dead").

4.  Members of the Fraternité Notre Dame, like all religious orders, take the vows of Poverty, Chastity and Obedience in order to wholly dedicate themselves to implementing God's will. Members of the Fraternité Notre Dame do not and cannot practice their faith only in church. Rather, performing works of charity and mercy is, in itself, an essential part of religious life, as Jesus Christ requested it.

5. Plaintiff is the owner of record of approximately 95 acres of property with a common address of 10002 Harmony Hill Road, Marengo, Illinois (hereinafter the "Property").

6. In 2005, the McHenry County Board approved the issuance of a conditional use permit to allow Plaintiff to construct a monastery, a church, a seminary, a convent, a retreat center, a bakery, a printing press, and a cemetery on the Property.

7. On September 19, 2014, Plaintiff submitted a petition (hereinafter the "Petition") for amendment of its existing conditional use permit to:
   a. Add approximately 30 acres of property;
   b. Allow the building of a barn in order to build a commercial kitchen, process grapes for wine making purposes, and brew beer; and
   c. Allow the building and operation of a school with attached dormitory, nursing home with hospice services, and gift shop to sell pastries, religious and inspirational articles, and wine made on the premises, along with a pastry, beer and wine tasting area.

8. Plaintiff subsequently amended the Petition to request a height variation for the school and nursing home from the maximum 35 feet to 55 feet.

9. On September 15, 2015, the McHenry County Board voted to deny the Petition.

10. The McHenry County Board's denial of the Petition imposed a substantial burden on Plaintiff's religious exercise within the meaning of 42 U.S.C. § 2000cc(a).

11. Religious orders have brewed beer and made wine at monasteries for millennia. By requesting approval to build a barn for brewing beer and making wine, Plaintiff sought to participate in a religious practice with deep historical roots.

12. By requesting approval to build and operate a boarding school, Plaintiff sought to fulfill its mission to help some of the most vulnerable among us, children. Plaintiff sought to provide children at its boarding school with an immersive educational experience where they could learn important religious values.

13. Plaintiff also sought approval for the uses requested in its Petition in order to generate a modest amount of income to support its overall religious mission.

14. The McHenry County Board's denial of the Petition imposed a substantial burden on Plaintiff's religious exercise by preventing Plaintiff's members from performing the charitable works which God calls upon them to perform and thereby preventing Plaintiff from fulfilling its core religious mission.

15. The McHenry County Board's denial of the Petition was not the least restrictive means of furthering any compelling governmental interest within the meaning of 42 U.S.C. § 2000cc(a).

16. The interests articulated by the McHenry County Board could have been served by an action less restrictive than wholesale denial of the Petition.

17. The McHenry County Board's denial of the Petition therefore violated the substantial burden provision of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc(a).

/s/ Joan E. Ahn
James C. Geoly
Joan E. Ahn
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611
Tel: 312-840-7000
Fax: 312-840-7900
Counsel for Plaintiff

/s/ George M. Hoffman
Patrick D. Kenneally
George M. Hoffman
Jana Blake Dickson
McHenry County State's Attorney's Office
2200 North Seminary Avenue
Woodstock, Illinois 60098
Tel: 815-334-4159
Fax: 815-337-0872
Counsel for Defendant

4814-0919-4344